```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

JAMES M. MALARIK              )
              Plaintiffs,     )
                              )
      vs.                     ) Civil Action No. 08-1008
                              ) District Judge Donetta W. Ambrose
                              ) Magistrate Judge Lisa Pupo Lenihan
ALIQUIPPA POLICE DEPARTMENT   )
c/o Patrolman Thomas Lemmon;  )
ET AL.,                       )
              Defendants.     )


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.   RECOMMENDATION

It is respectfully recommended that the Plaintiff's motion to proceed in forma pauperis (doc. no. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiff's failure to pay the filing fee, with the right of Plaintiff to reopen by paying the full filing fee of $350.00 within thirty (30) days.

II.  REPORT

Plaintiff, James M. Malarik is a prisoner presently confined at the Allegheny County Jail located in Pittsburgh, Pennsylvania. He has commenced the present action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. For the reasons that follow, the Complaint should be dismissed.

### A. Plaintiff's Ability to Proceed IFP

On July 18, 2008, Plaintiff filed a motion to proceed in forma pauperis (IFP) in this action (doc. no. 1). Consequently, this Court is required to review Plaintiff's action under the directive in

28 U.S.C. § 1915(g), that was passed as part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996).

In this regard, in the PLRA, Congress adopted a new section known as the "three strikes rule," codified at 28 U.S.C. § 1915(g), which provides as follows.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (as amended).

Under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied IFP status unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Court records indicate that Plaintiff has had at least three prior actions dismissed for failure to state a claim upon which relief may be granted.

Specifically, in Malarik v. Pennsylvania Office of Attorney General/Bureau of Narcotic Investigation and Drug Control Agent James R. Embry Sigismonti, et al., Civil Action No. 07-785 (W.D. Pa.), Plaintiff's action was dismissed in accordance with the PLRA, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure to

2

state a claim upon which relief can be granted under 42 U.S.C. § 1983 by Order dated November 7, 2007.  In <u>Malarik v. Office of District Attorney of Beaver County, et al.</u>, Civil Action No. 07-1499 (W.D. Pa.), Plaintiff's action was dismissed with prejudice under the PLRA based on the Defendants' absolute immunity by Order dated January 16, 2008.  In <u>Malarik v. Office of District Attorney of Beaver County, et al.</u>, Civil Action No. 07-1500 (W.D. Pa.), Plaintiff's action was dismissed with prejudice under the PLRA based on the Defendants' absolute immunity by Order dated January 16, 2008.  In <u>Malarik v. Commonwealth of Pennsylvania Office of District Attorney of Beaver County</u>, Civil Action No. 07-1501 (W.D. Pa.), Plaintiff's action was dismissed with prejudice in accordance with the directives of the PLRA under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 by Order dated March 17, 2008.  In <u>Malarik v. Commonwealth of Pennsylvania Office of District Attorney of Allegheny County</u>, Civil Action No. 07-1502 (W.D. Pa.), Plaintiff's action was dismissed with prejudice in accordance with the directives of the PLRA under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 by Order dated March 17, 2008.

Although Plaintiff has had at least three previous "strikes," he may be entitled to proceed <u>in</u> <u>forma</u> <u>pauperis</u> under the "imminent danger" exception to the three strikes rule.  To satisfy the

imminent danger element, Plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). *See* Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001)(overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998); Gibbs v. Roman, 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315 (internal citation omitted).

A review of Plaintiff's allegations fail to indicate any imminent danger of physical injury caused by Defendants' alleged misconduct. Accordingly, Plaintiff's motion to proceed IFP should not be granted.

### III.    CONCLUSION

Based on the discussion above, it is respectfully recommended that Plaintiff's motion to proceed in forma pauperis (doc.

no. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiff's failure to pay the filing fee, with the right of Plaintiff to reopen by paying the full filing fee of $350.00 within thirty (30) days.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

_____
LISA PUPO LENIHAN
U.S. Magistrate Judge

Dated:	July 21, 2008

cc:	The Honorable Donetta W. Ambrose
	United States District Judge, Chief

   JAMES M. MALARIK            JAMES M. MALARIK
   130218                      P.O. Box 572
   Allegheny County Jail       Ambridge, PA 15003
   950 Second Avenue
   Pittsburgh, PA 15219-3100

5